

April 30, 2019

**VIA ELECTRONIC FILING**
Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall Courthouse
United States Courthouse
40 Foley Square
New York, NY 10007-1312

**Re:** *DCR Marketing, Inc., et al. v. Josephine Lee Pereira*, **19-cv-03249**

Dear Judge Oetken:

      This law firm represents defendant Josephine Lee Pereira in the above referenced matter. Pursuant to Local Rule 37.2 and Part 4.B. of Your Honor's Individual Practices, Pereira respectfully requests a conference preparatory to the filing of a motion for a protective order pursuant to Fed. R. Civ. P. 26(c).[1] This protective order will be to negate any obligation to comply with certain subpoenas *duces tecum* issued in this action by plaintiffs DCR Marketing, Inc. and DCR Strategies Legal, Inc. (collectively "DCR") dated April 12, 2019 (the "Subpoenas"). This relief is warranted for two separate reasons:  (i) this Court lacks subject-matter jurisdiction over this action, and (ii) DCR failed to comply with Fed. R. Civ. P. 26(d) prior to issuing its subpoenas. Further, given that the Subpoenas are returnable, by their terms, on April 26, 2019, Pereira respectfully requests that this Court enter an order temporarily adjourning the time to respond to the Subpoenas until further order of this Court.[2]

The Nature of this Action and The Subpoenas

      DCR commenced this action by filing a Summons and Complaint dated April 11, 2019 (the "Complaint"). In the Complaint, DCR asserts that Pereira acted as its outside counsel in the United States. Complaint ¶¶ 8-11. In that capacity, Pereira is alleged to have opened bank accounts for DCR at Citibank, N.A., Bank of America, N.A., and PNC Financial Service Group, Inc. Complaint ¶¶ 13-46. The Complaint contains causes of action for entry of a declaratory judgment, injunctive relief, conversion, and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* ("CFAA").[3] Federal subject-matter jurisdiction is predicated solely upon

---

[1] In compliance with Part 4.B. of this Court's Individual Practices, we have attempted to meet and confer with counsel for DCR in an attempt to resolve this dispute. In particular, on April 29, 2019, an attorney from this office spoke with DCR's counsel by telephone, and requested that DCR withdraw the subpoenas due to the jurisdictional and procedural defects set forth in this letter. DCR declined to do so.

[2] The relief requested in this letter-motion is not moot: this office has spoken with counsel for Citibank, N.A. and PNC Bank, two of the recipients of the Subpoenas, and they each confirmed that their time to respond to their respective Subpoenas has been adjourned to May 1 and May 2, 2019, respectively.  Moreover, both Citibank and PNC confirmed to this office that the filing of a motion for a protective order would cause them to delay their response until the motion was resolved.

[3] Pereira does not concede the accuracy of any of these allegations, and reserves the right to dispute them at the appropriate point in this litigation.



the existence of a federal question pursuant to 28 U.S.C. § 1331, specifically the CFAA claim. Complaint ¶ 4.

In aid of its claims, DCR caused the Subpoenas to be issue on or around April 12, 2018. Redacted copies of the Subpoenas are annexed to this letter-motion.[4] Each subpoena seeks the same four categories of documents: (1) all account statements for one specified account; (2) all wire transfers into and out of the specified account from a specified date to the present; (3) all statements for all other accounts as to which Pereira has signatory authority, and (4) all wire transfers into and out of such other accounts from a specified date to the present.

<u>A Protective Order Must Issue Preventing Compliance With the Subpoenas</u>

Rule 26(c) of the Federal Rules of Civil Procedure states that "[a] party . . . may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery." As stated above, a protective order should be issued in this action for two separate and independent reasons: lack of subject-matter jurisdiction, and failure to comply with Rule 26(d).

With respect to subject-matter jurisdiction, it is well settled that lack of jurisdiction is not a waivable defect and may be raised at any time, or upon the court's own motion. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If subject matter jurisdiction is lacking, the action must be dismissed. *Id.* at 701. A claim fails to support federal question jurisdiction where it is either "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 681 (1946).

The only basis for subject-matter jurisdiction alleged in the Complaint is the existence of a federal question based upon the CFAA. The Complaint brings three separate causes of action (the Tenth, Eleventh and Twelfth) against Pereira for violations of the CFAA, each based upon her actions with respect to a separate bank account. In each case, it is alleged that Pereira "intentionally accessed a protected computer without authorization (or exceeded her authorized access) by changing the online login credentials for the account." Complaint ¶¶ 86, 90, 94. For each cause of action, a "judgment of civil liability" is demanded against Pereira in the amount of the funds she "converted" from each account. *Id.* ¶ 87, 91, 95.

These allegations fail to state a substantial and non-frivolous claim under the private civil cause of action sections of the CFAA. That portion of the CFAA is codified at 18 U.S.C. § 1030(g), and provides that

[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.  A civil action for violation of this section may

---

[4] For reasons unknown to Pereira, DCR issued two subpoenas to Citibank, which appear to be identical copies except that the second is dated April 17, not April 12, and is directed to Citibank's outside counsel. This letter-motion seeks relief with respect to both iterations of the Citibank subpoena.



be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).

The only potentially applicable sub clause in this action is sub clause (I), which requires "loss to 1 or more person during any 1-year period . . . aggregating at least $5,000 in value."

      The defects in DCR's CFAA claims are twofold. First, DCR must both plead and prove that it suffered "loss" in order to maintain a CFAA civil claim. The CFAA defines "loss" in 18 U.S.C. § 1030(e)(11) to mean

> any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

Cases interpreting this language make clear that "loss" must be related to the computer system accessed. *See Nexans Wires SA v. Sar-USA, Inc.* 319 F.Supp.2d 468, 475 (S.D.N.Y. 2004), *aff'd* 166 Fed.App. 559 (2d Cir. 2006) (analyzing prior cases and legislative history and concluding that "the meaning of 'loss' both before and after the term was defined by statute, has consistently meant a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted."). Here, DCR asserts no damage directly to a computer system or arising from it, but rather seeks to recover funds allegedly converted by Pereira. In so doing, DCR seeks to use the CFAA to assert a federal statutory claim for conversion, an absurd result which reads the statute well beyond its intended scope. *See, e.g., Dowling v. U.S.*, 473 U.S. 207, 213 (1985) (federal criminal statutes are to be narrowly construed).

      Second, DCR has not (and cannot) allege wrongful conduct under the CFAA. Based on the Complaint, DCR appears to assert that Pereira "exceeded her authorized access" for each bank account by changing the login credentials "without authorization from DCR Marketing and without informing DCR Marketing." Complaint ¶¶ 86, 90, 94. However, the CFAA defines "exceeds authorized access" at 18 U.S.C. § 1030(e)(6) to mean "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled so to obtain or alter." Cases interpreting this language clarify that the "authorization" referred to in the statute is authorization by the computer system in question, not by corporate policy. *See Associated Mortgage Bankers, Inc. v. Calcon Mutual Mortgage LLC*, 159 F.Supp. 3d 324, 334-336 (S.D.N.Y. 2016) ("exceeds authorized access" should be interpreted narrowly so as to only proscribe accessing information which the individual does not have authorization to access for any purpose, and noting that gravamen of plaintiff's complaint was not the access to its systems, but defendants' subsequent use of information they obtained) (citing *United States v. Valle,* 807 F.3d 508 (2d Cir. 2015)). Here, DCR expressly pleads that Pereira opened the accounts in question, and therefore she had authorization to change the login information - the fact that DCR may not have approved is immaterial. On these facts, there can be no violation of the CFAA, and therefore no subject-matter jurisdiction.[5]

---

[5] Since the CFAA claim is illusory, and no other basis for federal jurisdiction is alleged, this Court should decline to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c).



Finally, even if this Court had subject-matter jurisdiction (which it does not), the Subpoenas were improperly issued in violation of Fed. R. Civ. P. 26(d), which states that "[a] party may not seek discovery *from any source* before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." This prohibition applies to the issuance of third-party subpoenas. *See North Atlantic Op. Co. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 372-373 (E.D.N.Y. 2013). DCR should have applied to this Court for leave to serve subpoenas on the Banks, *id.* at 373, but did not do so. As a result, a protective order should issue obviating compliance with the Subpoenas until the Rule 26(f) conference has been held.

For all of the foregoing reasons, Pereira respectfully requests a conference to discuss a briefing schedule on her motion for a protective order, and for an order awarding her costs and reasonable attorneys' fees in connection with this filing. In addition, Pereira respectfully prays for the entry of an interim order adjourning the return date of the Subpoenas pending further order of this Court. We thank the Court for its consideration.

Respectfully Submitted,

GUZOV, LLC

By: _____
       Debra J. Guzov
       David J. Kaplan
805 Third Avenue, 8th Floor
New York, New York 10022
(212) 371-8008
*Attorneys for Defendant*

cc:  JD Thomas, Esq. (via electronic filing)

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| DCR MARKETING INC. et al.,<br>*Plaintiff*<br>v.<br>JOSEPHINE LEE PEREIRA (aka JOSEPHINE<br>POTENTE aka JOSEPHINE ROBINSON)<br>*Defendant* | )<br>)<br>)  Civil Action No.  1:19-cv-03249<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION
## PNC FINANCIAL SERVICES GROUP, INC.

To:

### 1054 Fairview Avenue, Bowling Green, Kentucky 42101
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached

| Place: WALLER LANSDEN DORTCH & DAVIS LLP<br>511 Union Street #2700<br>Nashville, TN 37219 | Date and Time:<br>04/26/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/17/2019

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DCR MARKETING INC. and DCR STRATEGIES LEGAL INC._____, who issues or requests this subpoena, are:

Michael C. Brett, 511 Union Street #2700, Nashville, TN 37219, mike.brett@wallerlaw.com, 615-850-8717

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-03249

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### A.    General Definitions and Rules of Construction

1.    "All" means each and every.

2.    "Any" means any and all.

3.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Subpoena all information or Documents that might otherwise be construed to be outside of its scope.

4.    "Communication" means any conversation, discussion, letter, email, memorandum, meeting, note or other transmittal of information or message, whether transmitted in writing, orally, electronically or by any other means, and shall include any Document that abstracts, digests, transcribes, records or reflects any of the foregoing.

5.    "Concerning" means, directly or indirectly, in whole or in part, relating to, referring to, describing. evidencing or constituting.

6.    "Custodian" means any Person or Entity that, as of the date of this Subpoena, maintained, possessed, or otherwise kept or controlled such Document.

7.    "Document" is used herein in the broadest sense of the term and means all records and other tangible media of expression of whatever nature however and wherever created, produced or stored (manually, mechanically, electronically or otherwise), including without limitation all versions whether draft or final, all annotated or nonconforming or other copies, electronic mail ("email"), instant messages, text messages, Blackberry or other wireless device messages, voicemail, calendars, date books, appointment books, diaries, books, papers, files, notes, confirmations, accounts statements, correspondence, memoranda, reports, records, journals, registers, analyses, plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, message slips, minutes, notes or records or transcriptions of conversations or Communications or meetings, tape recordings, videotapes, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, notices and summaries. Any non-identical version of a Document constitutes a separate Document within this definition, including without limitation drafts or copies bearing any notation, edit, comment, marginalia, underscoring, highlighting, marking, or any other alteration of any kind resulting in any difference between two or more otherwise identical Documents. In the case of Documents bearing any notation or other marking made by highlighting ink, the term Document means the original version bearing the highlighting ink, which original must be produced as opposed to any copy thereof.

8.    "Entity" means without limitation any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

9.      "Identify" or "Identity," as applied to any Document means the provision in writing of information sufficiently particular to enable Attorneys for Plaintiff to request the Document's production through subpoena or otherwise, including but not limited to: (a) Document type (letter, memo, etc.); b) Document subject matter; (c) Document date; and (d) Document author(s), addressee(s) and recipient(s). In lieu of identifying a Document, Attorneys for Plaintiff will accept production of the Document, together with designation of the Document's Custodian, and identification of each Person You believe to have received a copy of the Document.

10.      "Identify" or "Identity," as applied to any Entity, means the provision in writing of such Entity's legal name, any d/b/a, former, or other names, any parent, subsidiary, officers, employees, or agents thereof, and any address(es) and any telephone number(s) thereof.

11.      "Identify" or "Identity," as applied to any natural person, means and includes the provision in writing of the natural person's name, title(s), any aliases, place(s) of employment, telephone number(s), e-mail address(es), mailing addresses and physical address(es).

12.      "Person" means any natural person, or any Entity.

13.      "Sent" or "received" as used herein means, in addition to their usual meanings, the transmittal or reception of a Document by physical, electronic or other delivery, whether by direct or indirect means.

14.      "Subpoena" means this subpoena and any schedules or attachments thereto.

15.      The use of the singular form of any word used herein shall include the plural and vice versa. The use of any tense of any verb includes all other tenses of the verb.

## B.     Specific Definitions

16.      "You," "Your," or "PNC" means PNC Financial Services Group, Inc. and any of its predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

17.      "Ms. Pereira" means Josephine Lee Pereira, aka Josephine Potente aka Josephine Robinson, and any other Persons or entities associated with or acting on behalf of the foregoing.

## C.     Instructions

1.      Preservation of Relevant Documents and Information: Spoliation. You are reminded of Your obligations under law to preserve Documents and information relevant or potentially relevant to this Subpoena from destruction or loss, and of the consequences of, and penalties available for, spoliation of evidence. No agreement, written or otherwise, purporting to

modify, limit or otherwise vary the terms of this Subpoena, shall be construed in any way to narrow, qualify, eliminate or otherwise diminish Your aforementioned preservation obligations. Nor shall You act, in reliance upon any such agreement or otherwise, in any manner inconsistent with Your preservation obligations under law. No agreement purporting to modify, limit or otherwise vary Your preservation obligations under law shall be construed as in any way narrowing, qualifying, eliminating or otherwise diminishing such aforementioned preservation obligations, nor shall You act in reliance upon any such agreement, unless Attorneys for Plaintiff confirm or acknowledge such agreement in writing, or make such agreement a matter of record in open court.

2.      Possession, Custody, and Control. The Subpoena calls for all responsive Documents or information in Your possession, custody or control. This includes, without limitation, Documents or information possessed or held by any of Your officers, directors, employees, agents, representatives, divisions, affiliates, subsidiaries or Persons from whom You could request Documents or information. If Documents or information responsive to a request in this Subpoena are in Your control, but not in Your possession or custody, You shall promptly Identify the Person with possession or custody.

3.      Documents No Longer in Your Possession. If any Document requested herein was formerly in Your possession, custody or control but is no longer available, or no longer exists, You shall submit a statement in writing under oath that: (a) describes in detail the nature of such Document and its contents; (b) Identifies the Person(s) who prepared such Document and its contents; (c) Identifies all Persons who have seen or had possession of such Document; (d) specifies the date(s) on which such Document was prepared, transmitted or received; (e) specifies the date(s) on which such Document became unavailable; (f) specifies the reason why such Document is unavailable, including without limitation whether it was misplaced, lost, destroyed or transferred; and if such Document has been destroyed or transferred, the conditions of and reasons for such destruction or transfer and the Identity of the Person(s) requesting and performing such destruction or transfer; and (g) Identifies all Persons with knowledge of any portion of the contents of the Document.

4.      No Documents Responsive to Subpoena Requests. If there are no Documents responsive to any particular Subpoena request, You shall so state in writing under oath in the Affidavit of Compliance attached hereto, identifying the paragraph number(s) of the Subpoena request concerned.

5.      Format of Production. You shall produce Documents and information responsive to this Subpoena in the format requested by Attorneys for Plaintiff.

6.      Existing Organization of Documents to be Preserved. Regardless of whether a production is in electronic or paper format, each Document shall be produced in the same form, sequence, organization or other order or layout in which it was maintained before production, including but not limited to production of any Document or other material indicating filing or other organization. Such production shall include without limitation any file folder, file jacket, cover or similar organizational material, as well as any folder bearing any title or legend that contains no Document. Likewise, all Documents that are physically attached to each other in

Your files shall remain so attached in any production; or if such production is electronic, shall be accompanied by notation or information sufficient to indicate clearly such physical attachment.

7.      Document Numberings. All Documents responsive to this Subpoena, regardless of whether produced or withheld on ground of privilege or other legal doctrine, and regardless of whether production is in electronic or paper format, shall be numbered in the lower right corner of each page of such Document, without disrupting or altering the form, sequence, organization or other order or layout in which such Documents were maintained before production. Such number shall comprise a prefix containing the producing Person's name or an abbreviation thereof, followed by a unique, sequential, identifying document control number.

8.      Privilege Placeholders. For each Document withheld from production on ground of privilege or other legal doctrine, regardless of whether a production is electronic or in hard copy, You shall insert one or more placeholder page(s) in the production bearing the same document control number(s) borne by the Document withheld, in the sequential place(s) originally occupied by the Document before it was removed from the production. Privilege. If You withhold any Document responsive to this Subpoena on ground of privilege or other legal doctrine, You shall submit with the Documents produced a statement in writing under oath, stating: (a) the document control number(s) of the Document withheld; (b) the type of Document; (c) the date of the Document; (d) the author(s) and recipient(s) of the Document; (e) the general subject matter of the Document; and (f) the legal ground for withholding the Document. If the legal ground for withholding the Document is attorney-client privilege, You shall indicate the name of the attorney(s) whose legal advice is sought or provided in the Document.

9.      Your Production Instructions to be Produced. You shall produce a copy of all written or otherwise recorded instructions prepared by You concerning the steps taken to respond to this Subpoena. For any unrecorded instructions given, You shall provide a written statement under oath from the Person(s) who gave such instructions that details the specific content of the instructions and any Person(s) to whom the instructions were given.

10.     Cover Letter. Accompanying any production(s) made pursuant to this Subpoena, You shall include a cover letter that shall at a minimum provide an index containing the following: (a) a description of the type and content of each Document produced therewith; (b) the paragraph number(s) of the Subpoena request to which each such Document is responsive; (c) the Identity of the Custodian(s) of each such Document; and (d) the document control number(s) of each such Document.

11.     Affidavit of Compliance. A copy of the Affidavit of Compliance provided herewith shall be completed and executed by all natural persons supervising or participating in compliance with this Subpoena, and You shall submit such executed Affidavit(s) of Compliance with Your response to this Subpoena.

12.     Identification of Persons Preparing Production. In a schedule attached to the Affidavit of Compliance provided herewith, You shall Identify the natural person(s) who prepared or assembled any productions or responses to this Subpoena. You shall further Identify

the natural person(s) under whose personal supervision the preparation and assembly of productions and responses to this Subpoena occurred. You shall further Identify all other natural person(s) able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be.

13.     Continued Obligation to Produce. This Subpoena imposes a continuing obligation to produce the Documents and information requested. Documents located, and information learned or acquired, at any time after Your response is due shall be promptly produced at the place specified in this Subpoena.

14.     No Oral Modifications. No agreement purporting to modify, limit or otherwise vary this Subpoena shall be valid or binding, and You shall not act in reliance upon any such agreement, unless Attorneys for Plaintiff confirm or acknowledge such agreement in writing, or make such agreement a matter of record in open court.

15.     Time Period. Unless otherwise specified, the time period covered by this Subpoena shall be from August 2, 2006 through the present.

**D.    Documents to be Produced**

1.      Copies of all account statements for the PNC Business Checking Preferred
Account #         `-4959 (the "Account") from July 1, 2017 through the present.

2.      Copies of all wire transfers into and out of the Account from July 1, 2017 through
the present.

3.      Copies of all account statements for any PNC account(s) for which Ms. Pereira
has signatory authority, from July 1, 2017 through the present.

4.      Copies of all wire transfers into and out of any PNC account(s) for which Ms.
Pereira has signatory authority, from July 1, 2017 through the present.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

DCR   MARKETING   INC.   and   DCR   :
STRATEGIES LEGAL INC.,                :   Case No. 1:19-cv-03249

                            :

       Plaintiffs,                 :

                            :

v.                                 :

                            :

JOSEPHINE   LEE   PEREIRA   (aka   :
JOSEPHINE POTENTE aka JOSEPHINE   :
ROBINSON),                     :

                            X

       Defendant.

------------------------------------------------------

## AFFIDAVIT OF COMPLIANCE

STATE OF _____ )
                       )
COUNTY OF _____ )

     I, _____, on behalf of PNC Financial Services Group,

Inc., state as follows:

     1.     I am over the age of 18 and competent to provide this Affidavit. The statements in

this Affidavit are based upon my personal knowledge.

     2.     PNC Financial Services Group, Inc. was served with a subpoena to produce the

following documents in the above-captioned matter:

           a.     Copies of all account statements for the PNC Business Checking Preferred

Account ___      -4959 (the "Account") from July 1, 2017 through the present.

           b.     Copies of all wire transfers into and out of the Account from July 1, 2017

through the present.

           c.     Copies of all account statements for any PNC account(s) for which Ms.

Pereira has signatory authority, from July 1, 2017 through the present.

4852-1899-0484.1

        d.      Copies of all wire transfers into and out of any PNC account(s) for which Ms. Pereira has signatory authority, from July 1, 2017 through the present.

        3.      The copies of the records attached to this Affidavit are responsive to the Subpoena served on PNC Financial Services Group, Inc. and include copies of any and all records in PNC Financial Services Group, Inc.'s possession or control as described above.

        4.      I declare under penalty of perjury that the above statements are true and correct to the best of my knowledge, information and belief.

 

_____

Signature

_____

Name

_____

Title

PNC Financial Services Group, Inc.

STATE OF _____ )

                                     )

COUNTY OF _____ )

        Personally appeared before me, the undersigned Notary Public in and for the aforesaid State and County, _____with   whom   I   am   personally acquainted, and who acknowledged that he/she executed the within instrument for the purposes therein contained, and who further acknowledged that he/she is the _____and is authorized to execute this instrument on behalf of PNC Financial Services Group, Inc.

        Witness my hand, at office, this _____ day of _____, 2019.

 

_____

Notary Public

My Commission Expires:_____

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| DCR MARKETING INC. et al., | ) | |
| --- | --- | --- |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:19-cv-03249 |
| JOSEPHINE LEE PEREIRA (aka JOSEPHINE POTENTE aka JOSEPHINE ROBINSON) | ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

CITIBANK, N.A.

To:  Serve:  John Carter Armstrong, Assistant General Counsel, Citi Service Center, 1000 N. West Street, 5th Floor
Wilmington, Delaware 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached

| Place: SEITZ VAN OGTROP & GREEN, P.A.<br>222 Delaware Avenue, Suite 1500<br>Wilmington, DE 19899   Attn: James S. Green, Sr. | Date and Time:<br>04/26/2019 5:00 pm |
| --- | --- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/12/2019

*CLERK OF COURT*

OR  _____

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  DCR MARKETING INC. and DCR STRATEGIES LEGAL INC. _____, who issues or requests this subpoena, are:

Michael C. Brett, 511 Union Street #2700, Nashville, TN 37219, mike.brett@wallerlaw.com, 615-850-8717

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### A.  General Definitions and Rules of Construction

1.     "All" means each and every.

2.     "Any" means any and all.

3.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Subpoena all information or Documents that might otherwise be construed to be outside of its scope.

4.     "Communication" means any conversation, discussion, letter, email, memorandum, meeting, note or other transmittal of information or message, whether transmitted in writing, orally, electronically or by any other means, and shall include any Document that abstracts, digests, transcribes, records or reflects any of the foregoing.

5.     "Concerning" means, directly or indirectly, in whole or in part, relating to, referring to, describing. evidencing or constituting.

6.     "Custodian" means any Person or Entity that, as of the date of this Subpoena, maintained, possessed, or otherwise kept or controlled such Document.

7.     "Document" is used herein in the broadest sense of the term and means all records and other tangible media of expression of whatever nature however and wherever created, produced or stored (manually, mechanically, electronically or otherwise), including without limitation all versions whether draft or final, all annotated or nonconforming or other copies, electronic mail ("email"), instant messages, text messages, Blackberry or other wireless device messages, voicemail, calendars, date books, appointment books, diaries, books, papers, files, notes, confirmations, accounts statements, correspondence, memoranda, reports, records, journals, registers, analyses, plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, message slips, minutes, notes or records or transcriptions of conversations or Communications or meetings, tape recordings, videotapes, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, notices and summaries. Any non-identical version of a Document constitutes a separate Document within this definition, including without limitation drafts or copies bearing any notation, edit, comment, marginalia, underscoring, highlighting, marking, or any other alteration of any kind resulting in any difference between two or more otherwise identical Documents. In the case of Documents bearing any notation or other marking made by highlighting ink, the term Document means the original version bearing the highlighting ink, which original must be produced as opposed to any copy thereof.

8.     "Entity" means without limitation any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

9.     "Identify" or "Identity," as applied to any Document means the provision in writing of information sufficiently particular to enable Attorneys for Plaintiff to request the Document's production through subpoena or otherwise, including but not limited to: (a) Document type (letter, memo, etc.); b) Document subject matter; (c) Document date; and (d) Document author(s), addressee(s) and recipient(s). In lieu of identifying a Document, Attorneys for Plaintiff will accept production of the Document, together with designation of the Document's Custodian, and identification of each Person You believe to have received a copy of the Document.

10.    "Identify" or "Identity," as applied to any Entity, means the provision in writing of such Entity's legal name, any d/b/a, former, or other names, any parent, subsidiary, officers, employees, or agents thereof, and any address(es) and any telephone number(s) thereof.

11.    "Identify" or "Identity," as applied to any natural person, means and includes the provision in writing of the natural person's name, title(s), any aliases, place(s) of employment, telephone number(s), e-mail address(es), mailing addresses and physical address(es).

12.    "Person" means any natural person, or any Entity.

13.    "Sent" or "received" as used herein means, in addition to their usual meanings, the transmittal or reception of a Document by physical, electronic or other delivery, whether by direct or indirect means.

14.    "Subpoena" means this subpoena and any schedules or attachments thereto.

15.    The use of the singular form of any word used herein shall include the plural and vice versa. The use of any tense of any verb includes all other tenses of the verb.

## B.     Specific Definitions

16.    "You," "Your," or "Citibank" means Citibank, N.A. and any of its predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

17.    "Ms. Pereira" means Josephine Lee Pereira, aka Josephine Potente aka Josephine Robinson, and any other Persons or entities associated with or acting on behalf of the foregoing.

## C.     Instructions

1.     Preservation of Relevant Documents and Information: Spoliation. You are reminded of Your obligations under law to preserve Documents and information relevant or potentially relevant to this Subpoena from destruction or loss, and of the consequences of, and penalties available for, spoliation of evidence. No agreement, written or otherwise, purporting to modify, limit or otherwise vary the terms of this Subpoena, shall be construed in any way to

narrow, qualify, eliminate or otherwise diminish Your aforementioned preservation obligations. Nor shall You act, in reliance upon any such agreement or otherwise, in any manner inconsistent with Your preservation obligations under law. No agreement purporting to modify, limit or otherwise vary Your preservation obligations under law shall be construed as in any way narrowing, qualifying, eliminating or otherwise diminishing such aforementioned preservation obligations, nor shall You act in reliance upon any such agreement, unless Attorneys for Plaintiff confirm or acknowledge such agreement in writing, or make such agreement a matter of record in open court.

      2.      Possession, Custody, and Control. The Subpoena calls for all responsive Documents or information in Your possession, custody or control. This includes, without limitation, Documents or information possessed or held by any of Your officers, directors, employees, agents, representatives, divisions, affiliates, subsidiaries or Persons from whom You could request Documents or information. If Documents or information responsive to a request in this Subpoena are in Your control, but not in Your possession or custody, You shall promptly Identify the Person with possession or custody.

      3.      Documents No Longer in Your Possession. If any Document requested herein was formerly in Your possession, custody or control but is no longer available, or no longer exists, You shall submit a statement in writing under oath that: (a) describes in detail the nature of such Document and its contents; (b) Identifies the Person(s) who prepared such Document and its contents; (c) Identifies all Persons who have seen or had possession of such Document; (d) specifies the date(s) on which such Document was prepared, transmitted or received; (e) specifies the date(s) on which such Document became unavailable; (f) specifies the reason why such Document is unavailable, including without limitation whether it was misplaced, lost, destroyed or transferred; and if such Document has been destroyed or transferred, the conditions of and reasons for such destruction or transfer and the Identity of the Person(s) requesting and performing such destruction or transfer; and (g) Identifies all Persons with knowledge of any portion of the contents of the Document.

      4.      No Documents Responsive to Subpoena Requests. If there are no Documents responsive to any particular Subpoena request, You shall so state in writing under oath in the Affidavit of Compliance attached hereto, identifying the paragraph number(s) of the Subpoena request concerned.

      5.      Format of Production. You shall produce Documents and information responsive to this Subpoena in the format requested by Attorneys for Plaintiff.

      6.      Existing Organization of Documents to be Preserved. Regardless of whether a production is in electronic or paper format, each Document shall be produced in the same form, sequence, organization or other order or layout in which it was maintained before production, including but not limited to production of any Document or other material indicating filing or other organization. Such production shall include without limitation any file folder, file jacket, cover or similar organizational material, as well as any folder bearing any title or legend that contains no Document. Likewise, all Documents that are physically attached to each other in

Your files shall remain so attached in any production; or if such production is electronic, shall be accompanied by notation or information sufficient to indicate clearly such physical attachment.

7.      Document Numberings. All Documents responsive to this Subpoena, regardless of whether produced or withheld on ground of privilege or other legal doctrine, and regardless of whether production is in electronic or paper format, shall be numbered in the lower right corner of each page of such Document, without disrupting or altering the form, sequence, organization or other order or layout in which such Documents were maintained before production. Such number shall comprise a prefix containing the producing Person's name or an abbreviation thereof, followed by a unique, sequential, identifying document control number.

8.      Privilege Placeholders. For each Document withheld from production on ground of privilege or other legal doctrine, regardless of whether a production is electronic or in hard copy, You shall insert one or more placeholder page(s) in the production bearing the same document control number(s) borne by the Document withheld, in the sequential place(s) originally occupied by the Document before it was removed from the production. Privilege. If You withhold any Document responsive to this Subpoena on ground of privilege or other legal doctrine, You shall submit with the Documents produced a statement in writing under oath, stating: (a) the document control number(s) of the Document withheld; (b) the type of Document; (c) the date of the Document; (d) the author(s) and recipient(s) of the Document; (e) the general subject matter of the Document; and (f) the legal ground for withholding the Document. If the legal ground for withholding the Document is attorney-client privilege, You shall indicate the name of the attorney(s) whose legal advice is sought or provided in the Document.

9.      Your Production Instructions to be Produced. You shall produce a copy of all written or otherwise recorded instructions prepared by You concerning the steps taken to respond to this Subpoena. For any unrecorded instructions given, You shall provide a written statement under oath from the Person(s) who gave such instructions that details the specific content of the instructions and any Person(s) to whom the instructions were given.

10.     Cover Letter. Accompanying any production(s) made pursuant to this Subpoena, You shall include a cover letter that shall at a minimum provide an index containing the following: (a) a description of the type and content of each Document produced therewith; (b) the paragraph number(s) of the Subpoena request to which each such Document is responsive; (c) the Identity of the Custodian(s) of each such Document; and (d) the document control number(s) of each such Document.

11.     Affidavit of Compliance. A copy of the Affidavit of Compliance provided herewith shall be completed and executed by all natural persons supervising or participating in compliance with this Subpoena, and You shall submit such executed Affidavit(s) of Compliance with Your response to this Subpoena.

12.     Identification of Persons Preparing Production. In a schedule attached to the Affidavit of Compliance provided herewith, You shall Identify the natural person(s) who prepared or assembled any productions or responses to this Subpoena. You shall further Identify

the natural person(s) under whose personal supervision the preparation and assembly of productions and responses to this Subpoena occurred. You shall further Identify all other natural person(s) able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be.

13.     Continued Obligation to Produce. This Subpoena imposes a continuing obligation to produce the Documents and information requested. Documents located, and information learned or acquired, at any time after Your response is due shall be promptly produced at the place specified in this Subpoena.

14.     No Oral Modifications. No agreement purporting to modify, limit or otherwise vary this Subpoena shall be valid or binding, and You shall not act in reliance upon any such agreement, unless Attorneys for Plaintiff confirm or acknowledge such agreement in writing, or make such agreement a matter of record in open court.

15.     Time Period. Unless otherwise specified, the time period covered by this Subpoena shall be from October 9, 2015 through the present.

## D.    Documents to be Produced

1.      Copies of all account statements for the CitiEscrow Account #         2596 (the "Account") from August 8, 2018 through the present.

2.      Copies of all wire transfers into and out of the Account from August 8, 2018 through the present.

3.      Copies of all account statements for any Citibank account(s) for which Josephine Lee Pereira has signatory authority, from August 8, 2018 through the present.

4.      Copies of all wire transfers into and out of any Citibank account(s) for which Josephine Lee Pereira has signatory authority, from August 8, 2018 through the present.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

DCR  MARKETING  INC.  and  DCR  :
STRATEGIES LEGAL INC.,                         :     Case No. 1:19-cv-03249
                                                              :
          Plaintiffs,                                     :
                                                              :
v.                                                           :
                                                              :
JOSEPHINE    LEE    PEREIRA    (aka  :
JOSEPHINE POTENTE aka JOSEPHINE  :
ROBINSON),                                          :
                                                              X
          Defendant.

-------------------------------------------------------

## AFFIDAVIT OF COMPLIANCE

STATE OF _____ )
                                                       )
COUNTY OF _____ )

       I, _____, on behalf of Citibank, N.A., state as follows:

       1.      I am over the age of 18 and competent to provide this Affidavit. The statements in

this Affidavit are based upon my personal knowledge.

       2.      Citibank, N.A. was served with a subpoena to produce the following documents in

the above-captioned matter:

       a.      Copies of all account statements for the CitiEscrow Account #     2596

(the "Account") from August 8, 2018 through the present.

       b.      Copies of all wire transfers into and out of the Account from August 8, 2018

through the present.

       c.      Copies of all account statements for any Citibank account(s) for which Ms.

Pereira has signatory authority, from August 8, 2018 through the present.

       d.      Copies of all wire transfers into and out of any Citibank account(s) for

which Ms. Pereira has signatory authority, from August 8, 2018 through the present.

3.    The copies of the records attached to this Affidavit are responsive to the Subpoena served on Citibank, N.A. and include copies of any and all records in Citibank, N.A.'s possession or control as described above.

4.    I declare under penalty of perjury that the above statements are true and correct to the best of my knowledge, information and belief.

_____
Signature

_____
Name

_____
Title

Citibank, N.A.

STATE OF _____ )
                                                     )
COUNTY OF _____ )

    Personally appeared before me, the undersigned Notary Public in and for the aforesaid State and County, _____with   whom   I   am   personally acquainted, and who acknowledged that he/she executed the within instrument for the purposes therein contained, and who further acknowledged that he/she is the _____and  is authorized to execute this instrument on behalf of Citibank, N.A.

    Witness my hand, at office, this _____ day of _____, 2019.

_____
Notary Public

My Commission Expires:_____

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| DCR MARKETING INC. et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:19-cv-03249 |
| JOSEPHINE LEE PEREIRA (aka JOSEPHINE | ) |
| POTENTE aka JOSEPHINE ROBINSON) | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

CITIBANK, N.A.
To:  Serve:  c/o Barry J. Glickman, Zeichner Ellman, & Krause LLP, Attorneys for Citibank, 1211 Avenue of the Americas, New York, New York 10036

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached

| Place: Zeichner Ellman & Krause LLP<br>1211 Avenue of the Americas<br>New York, New York  10036 | Date and Time:<br><br>04/26/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/17/2019

| *CLERK OF COURT* | OR | |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  DCR MARKETING INC. and DCR STRATEGIES LEGAL INC.                            , who issues or requests this subpoena, are:

Michael C. Brett, 511 Union Street #2700, Nashville, TN 37219, mike.brett@wallerlaw.com, 615-850-8717

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-cv-03249

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                    .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____          on *(date)* _____     ; or

☐ I returned the subpoena unexecuted because:  _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____     for travel and $ _____     for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                              _____
                                                    *Printed name and title*

                                              _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### A.   General Definitions and Rules of Construction

1.   "All" means each and every.

2.   "Any" means any and all.

3.   "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Subpoena all information or Documents that might otherwise be construed to be outside of its scope.

4.   "Communication" means any conversation, discussion, letter, email, memorandum, meeting, note or other transmittal of information or message, whether transmitted in writing, orally, electronically or by any other means, and shall include any Document that abstracts, digests, transcribes, records or reflects any of the foregoing.

5.   "Concerning" means, directly or indirectly, in whole or in part, relating to, referring to, describing. evidencing or constituting.

6.   "Custodian" means any Person or Entity that, as of the date of this Subpoena, maintained, possessed, or otherwise kept or controlled such Document.

7.   "Document" is used herein in the broadest sense of the term and means all records and other tangible media of expression of whatever nature however and wherever created, produced or stored (manually, mechanically, electronically or otherwise), including without limitation all versions whether draft or final, all annotated or nonconforming or other copies, electronic mail ("email"), instant messages, text messages, Blackberry or other wireless device messages, voicemail, calendars, date books, appointment books, diaries, books, papers, files, notes, confirmations, accounts statements, correspondence, memoranda, reports, records, journals, registers, analyses, plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, message slips, minutes, notes or records or transcriptions of conversations or Communications or meetings, tape recordings, videotapes, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, notices and summaries. Any non-identical version of a Document constitutes a separate Document within this definition, including without limitation drafts or copies bearing any notation, edit, comment, marginalia, underscoring, highlighting, marking, or any other alteration of any kind resulting in any difference between two or more otherwise identical Documents. In the case of Documents bearing any notation or other marking made by highlighting ink, the term Document means the original version bearing the highlighting ink, which original must be produced as opposed to any copy thereof.

8.   "Entity" means without limitation any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

9.      "Identify" or "Identity," as applied to any Document means the provision in writing of information sufficiently particular to enable Attorneys for Plaintiff to request the Document's production through subpoena or otherwise, including but not limited to: (a) Document type (letter, memo, etc.); b) Document subject matter; (c) Document date; and (d) Document author(s), addressee(s) and recipient(s). In lieu of identifying a Document, Attorneys for Plaintiff will accept production of the Document, together with designation of the Document's Custodian, and identification of each Person You believe to have received a copy of the Document.

10.     "Identify" or "Identity," as applied to any Entity, means the provision in writing of such Entity's legal name, any d/b/a, former, or other names, any parent, subsidiary, officers, employees, or agents thereof, and any address(es) and any telephone number(s) thereof.

11.     "Identify" or "Identity," as applied to any natural person, means and includes the provision in writing of the natural person's name, title(s), any aliases, place(s) of employment, telephone number(s), e-mail address(es), mailing addresses and physical address(es).

12.     "Person" means any natural person, or any Entity.

13.     "Sent" or "received" as used herein means, in addition to their usual meanings, the transmittal or reception of a Document by physical, electronic or other delivery, whether by direct or indirect means.

14.     "Subpoena" means this subpoena and any schedules or attachments thereto.

15.     The use of the singular form of any word used herein shall include the plural and vice versa. The use of any tense of any verb includes all other tenses of the verb.

### B.     Specific Definitions

16.     "You," "Your," or "Citibank" means Citibank, N.A.

17.     "Ms. Pereira" means Josephine Lee Pereira, aka Josephine Potente aka Josephine Robinson, and any other Persons or entities associated with or acting on behalf of the foregoing.

### C.     Instructions

1.      Preservation of Relevant Documents and Information: Spoliation. You are reminded of Your obligations under law to preserve Documents and information relevant or potentially relevant to this Subpoena from destruction or loss, and of the consequences of, and penalties available for, spoliation of evidence. No agreement, written or otherwise, purporting to modify, limit or otherwise vary the terms of this Subpoena, shall be construed in any way to narrow, qualify, eliminate or otherwise diminish Your aforementioned preservation obligations. Nor shall You act, in reliance upon any such agreement or otherwise, in any manner inconsistent with Your preservation obligations under law. No agreement purporting to modify, limit or otherwise vary Your preservation obligations under law shall be construed as in any way

narrowing, qualifying, eliminating or otherwise diminishing such aforementioned preservation obligations, nor shall You act in reliance upon any such agreement, unless Attorneys for Plaintiff confirm or acknowledge such agreement in writing, or make such agreement a matter of record in open court.

2.      Possession, Custody, and Control. The Subpoena calls for all responsive Documents or information in Your possession, custody or control. This includes, without limitation, Documents or information possessed or held by any of Your officers, directors, employees, agents, representatives, divisions, affiliates, subsidiaries or Persons from whom You could request Documents or information. If Documents or information responsive to a request in this Subpoena are in Your control, but not in Your possession or custody, You shall promptly Identify the Person with possession or custody.

3.      Documents No Longer in Your Possession. If any Document requested herein was formerly in Your possession, custody or control but is no longer available, or no longer exists, You shall submit a statement in writing under oath that: (a) describes in detail the nature of such Document and its contents; (b) Identifies the Person(s) who prepared such Document and its contents; (c) Identifies all Persons who have seen or had possession of such Document; (d) specifies the date(s) on which such Document was prepared, transmitted or received; (e) specifies the date(s) on which such Document became unavailable; (f) specifies the reason why such Document is unavailable, including without limitation whether it was misplaced, lost, destroyed or transferred; and if such Document has been destroyed or transferred, the conditions of and reasons for such destruction or transfer and the Identity of the Person(s) requesting and performing such destruction or transfer; and (g) Identifies all Persons with knowledge of any portion of the contents of the Document.

4.      No Documents Responsive to Subpoena Requests. If there are no Documents responsive to any particular Subpoena request, You shall so state in writing under oath in the Affidavit of Compliance attached hereto, identifying the paragraph number(s) of the Subpoena request concerned.

5.      Format of Production. You shall produce Documents and information responsive to this Subpoena in the format requested by Attorneys for Plaintiff.

6.      Existing Organization of Documents to be Preserved. Regardless of whether a production is in electronic or paper format, each Document shall be produced in the same form, sequence, organization or other order or layout in which it was maintained before production, including but not limited to production of any Document or other material indicating filing or other organization. Such production shall include without limitation any file folder, file jacket, cover or similar organizational material, as well as any folder bearing any title or legend that contains no Document. Likewise, all Documents that are physically attached to each other in Your files shall remain so attached in any production; or if such production is electronic, shall be accompanied by notation or information sufficient to indicate clearly such physical attachment.

7.      Document Numberings. All Documents responsive to this Subpoena, regardless of whether produced or withheld on ground of privilege or other legal doctrine, and regardless of

whether production is in electronic or paper format, shall be numbered in the lower right corner of each page of such Document, without disrupting or altering the form, sequence, organization or other order or layout in which such Documents were maintained before production. Such number shall comprise a prefix containing the producing Person's name or an abbreviation thereof, followed by a unique, sequential, identifying document control number.

8.     Privilege Placeholders. For each Document withheld from production on ground of privilege or other legal doctrine, regardless of whether a production is electronic or in hard copy, You shall insert one or more placeholder page(s) in the production bearing the same document control number(s) borne by the Document withheld, in the sequential place(s) originally occupied by the Document before it was removed from the production. Privilege. If You withhold any Document responsive to this Subpoena on ground of privilege or other legal doctrine, You shall submit with the Documents produced a statement in writing under oath, stating: (a) the document control number(s) of the Document withheld; (b) the type of Document; (c) the date of the Document; (d) the author(s) and recipient(s) of the Document; (e) the general subject matter of the Document; and (f) the legal ground for withholding the Document. If the legal ground for withholding the Document is attorney-client privilege, You shall indicate the name of the attorney(s) whose legal advice is sought or provided in the Document.

9.     Your Production Instructions to be Produced. You shall produce a copy of all written or otherwise recorded instructions prepared by You concerning the steps taken to respond to this Subpoena. For any unrecorded instructions given, You shall provide a written statement under oath from the Person(s) who gave such instructions that details the specific content of the instructions and any Person(s) to whom the instructions were given.

10.    Cover Letter. Accompanying any production(s) made pursuant to this Subpoena, You shall include a cover letter that shall at a minimum provide an index containing the following: (a) a description of the type and content of each Document produced therewith; (b) the paragraph number(s) of the Subpoena request to which each such Document is responsive; (c) the Identity of the Custodian(s) of each such Document; and (d) the document control number(s) of each such Document.

11.    Affidavit of Compliance. A copy of the Affidavit of Compliance provided herewith shall be completed and executed by all natural persons supervising or participating in compliance with this Subpoena, and You shall submit such executed Affidavit(s) of Compliance with Your response to this Subpoena.

12.    Identification of Persons Preparing Production. In a schedule attached to the Affidavit of Compliance provided herewith, You shall Identify the natural person(s) who prepared or assembled any productions or responses to this Subpoena. You shall further Identify the natural person(s) under whose personal supervision the preparation and assembly of productions and responses to this Subpoena occurred. You shall further Identify all other natural person(s) able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be.

4849-5493-6979.1

13.     Continued Obligation to Produce. This Subpoena imposes a continuing obligation to produce the Documents and information requested. Documents located, and information learned or acquired, at any time after Your response is due shall be promptly produced at the place specified in this Subpoena.

14.     No Oral Modifications. No agreement purporting to modify, limit or otherwise vary this Subpoena shall be valid or binding, and You shall not act in reliance upon any such agreement, unless Attorneys for Plaintiff confirm or acknowledge such agreement in writing, or make such agreement a matter of record in open court.

15.     Time Period. Unless otherwise specified, the time period covered by this Subpoena shall be from October 9, 2015 through the present.

**D.** **Documents to be Produced**

1.      Copies of all account statements for the CitiEscrow Account #      2596 (the "Account") from August 8, 2018 through the present.

2.      Copies of all wire transfers into and out of the Account from August 8, 2018 through the present.

3.      Copies of all account statements for any Citibank account(s) for which Josephine Lee Pereira has signatory authority, from August 8, 2018 through the present.

4.      Copies of all wire transfers into and out of any Citibank account(s) for which Josephine Lee Pereira has signatory authority, from August 8, 2018 through the present.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
DCR   MARKETING   INC.   and   DCR   :
STRATEGIES LEGAL INC.,                :   Case No. 1:19-cv-03249
                                      :
        Plaintiffs,                   :
                                      :
v.                                    :
                                      :
JOSEPHINE   LEE   PEREIRA   (aka      :
JOSEPHINE POTENTE aka JOSEPHINE       :
ROBINSON),                            :
                                      X
        Defendant.

------------------------------------------------------

## AFFIDAVIT OF COMPLIANCE

STATE OF _____ )
                               )
COUNTY OF _____ )

        I, _____, on behalf of Citibank, N.A., state as follows:

        1.      I am over the age of 18 and competent to provide this Affidavit.  The statements in

this Affidavit are based upon my personal knowledge.

        2.      Citibank, N.A. was served with a subpoena to produce the following documents in

the above-captioned matter:

        a.      Copies of all account statements for the CitiEscrow Account #        ,2596

(the "Account") from August 8, 2018 through the present.

        b.      Copies of all wire transfers into and out of the Account from August 8, 2018

through the present.

        c.      Copies of all account statements for any Citibank account(s) for which Ms.

Pereira has signatory authority, from August 8, 2018 through the present.

        d.      Copies of all wire transfers into and out of any Citibank account(s) for

which Ms. Pereira has signatory authority, from August 8, 2018 through the present.

3.      The copies of the records attached to this Affidavit are responsive to the Subpoena

served on Citibank, N.A. and include copies of any and all records in Citibank, N.A.'s possession

or control as described above.

4.      I declare under penalty of perjury that the above statements are true and correct to

the best of my knowledge, information and belief.

<div style="margin-left: 50%;">

_____

Signature

_____

Name

_____

Title

Citibank, N.A.

</div>

STATE OF _____ )
                                      )
COUNTY OF _____ )

        Personally appeared before me, the undersigned Notary Public in and for the aforesaid
State and County, _____with   whom   I   am   personally
acquainted, and who acknowledged that he/she executed the within instrument for the purposes
therein contained, and who further acknowledged that he/she is the _____and is
authorized to execute this instrument on behalf of Citibank, N.A.

        Witness my hand, at office, this _____ day of _____, 2019.

<div style="margin-left: 40%;">

_____

Notary Public

</div>

My Commission Expires:_____

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| DCR MARKETING INC. et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:19-cv-03249 |
| JOSEPHINE LEE PEREIRA (aka JOSEPHINE POTENTE aka JOSEPHINE ROBINSON) | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION
### BANK OF AMERICA

To:

Philips Plaza, 414 Union Street, Nashville, Tennessee 37219
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached

| Place: WALLER LANSDEN DORTCH & DAVIS LLP 511 Union Street #2700 Nashville, TN 37219 | Date and Time: 04/26/2019 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/17/2019

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DCR MARKETING INC. and DCR STRATEGIES LEGAL INC. , who issues or requests this subpoena, are:

Michael C. Brett, 511 Union Street #2700, Nashville, TN 37219, mike.brett@wallerlaw.com, 615-850-8717

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-03249

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### A.    General Definitions and Rules of Construction

1.    "All" means each and every.

2.    "Any" means any and all.

3.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Subpoena all information or Documents that might otherwise be construed to be outside of its scope.

4.    "Communication" means any conversation, discussion, letter, email, memorandum, meeting, note or other transmittal of information or message, whether transmitted in writing, orally, electronically or by any other means, and shall include any Document that abstracts, digests, transcribes, records or reflects any of the foregoing.

5.    "Concerning" means, directly or indirectly, in whole or in part, relating to, referring to, describing. evidencing or constituting.

6.    "Custodian" means any Person or Entity that, as of the date of this Subpoena, maintained, possessed, or otherwise kept or controlled such Document.

7.    "Document" is used herein in the broadest sense of the term and means all records and other tangible media of expression of whatever nature however and wherever created, produced or stored (manually, mechanically, electronically or otherwise), including without limitation all versions whether draft or final, all annotated or nonconforming or other copies, electronic mail ("email"), instant messages, text messages, Blackberry or other wireless device messages, voicemail, calendars, date books, appointment books, diaries, books, papers, files, notes, confirmations, accounts statements, correspondence, memoranda, reports, records, journals, registers, analyses, plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, message slips, minutes, notes or records or transcriptions of conversations or Communications or meetings, tape recordings, videotapes, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, notices and summaries. Any non-identical version of a Document constitutes a separate Document within this definition, including without limitation drafts or copies bearing any notation, edit, comment, marginalia, underscoring, highlighting, marking, or any other alteration of any kind resulting in any difference between two or more otherwise identical Documents. In the case of Documents bearing any notation or other marking made by highlighting ink, the term Document means the original version bearing the highlighting ink, which original must be produced as opposed to any copy thereof.

8.    "Entity" means without limitation any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

9.     "Identify" or "Identity," as applied to any Document means the provision in writing of information sufficiently particular to enable Attorneys for Plaintiff to request the Document's production through subpoena or otherwise, including but not limited to: (a) Document type (letter, memo, etc.); b) Document subject matter; (c) Document date; and (d) Document author(s), addressee(s) and recipient(s). In lieu of identifying a Document, Attorneys for Plaintiff will accept production of the Document, together with designation of the Document's Custodian, and identification of each Person You believe to have received a copy of the Document.

10.     "Identify" or "Identity," as applied to any Entity, means the provision in writing of such Entity's legal name, any d/b/a, former, or other names, any parent, subsidiary, officers, employees, or agents thereof, and any address(es) and any telephone number(s) thereof.

11.     "Identify" or "Identity," as applied to any natural person, means and includes the provision in writing of the natural person's name, title(s), any aliases, place(s) of employment, telephone number(s), e-mail address(es), mailing addresses and physical address(es).

12.     "Person" means any natural person, or any Entity.

13.     "Sent" or "received" as used herein means, in addition to their usual meanings, the transmittal or reception of a Document by physical, electronic or other delivery, whether by direct or indirect means.

14.     "Subpoena" means this subpoena and any schedules or attachments thereto.

15.     The use of the singular form of any word used herein shall include the plural and vice versa. The use of any tense of any verb includes all other tenses of the verb.

### B.     Specific Definitions

16.     "You," "Your," or "BofA" means Bank of America, N.A. and any of its predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

17.     "Ms. Pereira" means Josephine Lee Pereira, aka Josephine Potente aka Josephine Robinson, and any other Persons or entities associated with or acting on behalf of the foregoing.

### C.     Instructions

1.     Preservation of Relevant Documents and Information: Spoliation. You are reminded of Your obligations under law to preserve Documents and information relevant or potentially relevant to this Subpoena from destruction or loss, and of the consequences of, and penalties available for, spoliation of evidence. No agreement, written or otherwise, purporting to

modify, limit or otherwise vary the terms of this Subpoena, shall be construed in any way to narrow, qualify, eliminate or otherwise diminish Your aforementioned preservation obligations. Nor shall You act, in reliance upon any such agreement or otherwise, in any manner inconsistent with Your preservation obligations under law. No agreement purporting to modify, limit or otherwise vary Your preservation obligations under law shall be construed as in any way narrowing, qualifying, eliminating or otherwise diminishing such aforementioned preservation obligations, nor shall You act in reliance upon any such agreement, unless Attorneys for Plaintiff confirm or acknowledge such agreement in writing, or make such agreement a matter of record in open court.

2.      Possession, Custody, and Control. The Subpoena calls for all responsive Documents or information in Your possession, custody or control. This includes, without limitation, Documents or information possessed or held by any of Your officers, directors, employees, agents, representatives, divisions, affiliates, subsidiaries or Persons from whom You could request Documents or information. If Documents or information responsive to a request in this Subpoena are in Your control, but not in Your possession or custody, You shall promptly Identify the Person with possession or custody.

3.      Documents No Longer in Your Possession. If any Document requested herein was formerly in Your possession, custody or control but is no longer available, or no longer exists, You shall submit a statement in writing under oath that: (a) describes in detail the nature of such Document and its contents; (b) Identifies the Person(s) who prepared such Document and its contents; (c) Identifies all Persons who have seen or had possession of such Document; (d) specifies the date(s) on which such Document was prepared, transmitted or received; (e) specifies the date(s) on which such Document became unavailable; (f) specifies the reason why such Document is unavailable, including without limitation whether it was misplaced, lost, destroyed or transferred; and if such Document has been destroyed or transferred, the conditions of and reasons for such destruction or transfer and the Identity of the Person(s) requesting and performing such destruction or transfer; and (g) Identifies all Persons with knowledge of any portion of the contents of the Document.

4.      No Documents Responsive to Subpoena Requests. If there are no Documents responsive to any particular Subpoena request, You shall so state in writing under oath in the Affidavit of Compliance attached hereto, identifying the paragraph number(s) of the Subpoena request concerned.

5.      Format of Production. You shall produce Documents and information responsive to this Subpoena in the format requested by Attorneys for Plaintiff.

6.      Existing Organization of Documents to be Preserved. Regardless of whether a production is in electronic or paper format, each Document shall be produced in the same form, sequence, organization or other order or layout in which it was maintained before production, including but not limited to production of any Document or other material indicating filing or other organization. Such production shall include without limitation any file folder, file jacket, cover or similar organizational material, as well as any folder bearing any title or legend that contains no Document. Likewise, all Documents that are physically attached to each other in

Your files shall remain so attached in any production; or if such production is electronic, shall be accompanied by notation or information sufficient to indicate clearly such physical attachment.

7.      Document Numberings. All Documents responsive to this Subpoena, regardless of whether produced or withheld on ground of privilege or other legal doctrine, and regardless of whether production is in electronic or paper format, shall be numbered in the lower right corner of each page of such Document, without disrupting or altering the form, sequence, organization or other order or layout in which such Documents were maintained before production. Such number shall comprise a prefix containing the producing Person's name or an abbreviation thereof, followed by a unique, sequential, identifying document control number.

8.      Privilege Placeholders. For each Document withheld from production on ground of privilege or other legal doctrine, regardless of whether a production is electronic or in hard copy, You shall insert one or more placeholder page(s) in the production bearing the same document control number(s) borne by the Document withheld, in the sequential place(s) originally occupied by the Document before it was removed from the production. Privilege. If You withhold any Document responsive to this Subpoena on ground of privilege or other legal doctrine, You shall submit with the Documents produced a statement in writing under oath, stating: (a) the document control number(s) of the Document withheld; (b) the type of Document; (c) the date of the Document; (d) the author(s) and recipient(s) of the Document; (e) the general subject matter of the Document; and (f) the legal ground for withholding the Document. If the legal ground for withholding the Document is attorney-client privilege, You shall indicate the name of the attorney(s) whose legal advice is sought or provided in the Document.

9.      Your Production Instructions to be Produced. You shall produce a copy of all written or otherwise recorded instructions prepared by You concerning the steps taken to respond to this Subpoena. For any unrecorded instructions given, You shall provide a written statement under oath from the Person(s) who gave such instructions that details the specific content of the instructions and any Person(s) to whom the instructions were given.

10.      Cover Letter. Accompanying any production(s) made pursuant to this Subpoena, You shall include a cover letter that shall at a minimum provide an index containing the following: (a) a description of the type and content of each Document produced therewith; (b) the paragraph number(s) of the Subpoena request to which each such Document is responsive; (c) the Identity of the Custodian(s) of each such Document; and (d) the document control number(s) of each such Document.

11.      Affidavit of Compliance. A copy of the Affidavit of Compliance provided herewith shall be completed and executed by all natural persons supervising or participating in compliance with this Subpoena, and You shall submit such executed Affidavit(s) of Compliance with Your response to this Subpoena.

12.      Identification of Persons Preparing Production. In a schedule attached to the Affidavit of Compliance provided herewith, You shall Identify the natural person(s) who prepared or assembled any productions or responses to this Subpoena. You shall further Identify

the natural person(s) under whose personal supervision the preparation and assembly of productions and responses to this Subpoena occurred. You shall further Identify all other natural person(s) able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be.

13.     Continued Obligation to Produce. This Subpoena imposes a continuing obligation to produce the Documents and information requested. Documents located, and information learned or acquired, at any time after Your response is due shall be promptly produced at the place specified in this Subpoena.

14.     No Oral Modifications. No agreement purporting to modify, limit or otherwise vary this Subpoena shall be valid or binding, and You shall not act in reliance upon any such agreement, unless Attorneys for Plaintiff confirm or acknowledge such agreement in writing, or make such agreement a matter of record in open court.

15.     Time Period. Unless otherwise specified, the time period covered by this Subpoena shall be from August 2, 2006 through the present.

**D. Documents to be Produced**

1. Copies of all account statements for the Business Advantage Checking Account #4 0412 (the "Account") from August 1, 2017 through the present.

2. Copies of all wire transfers into and out of the Account from August 1, 2017 through the present.

3. Copies of all account statements for any BofA account(s) for which Ms. Pereira has signatory authority, from August 1, 2017 through the present.

4. Copies of all wire transfers into and out of any BofA account(s) for which Ms. Pereira has signatory authority, from August 1, 2017 through the present.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------  X
DCR   MARKETING   INC.   and   DCR   :
STRATEGIES LEGAL INC.,                          :        Case No. 1:19-cv-03249
                                                         :
        Plaintiffs,                                      :
                                                         :
v.                                                       :
                                                         :
JOSEPHINE   LEE   PEREIRA   (aka   :
JOSEPHINE POTENTE aka JOSEPHINE    :
ROBINSON),                                               :
                                                         X
        Defendant.

--------------------------------------------------------

## AFFIDAVIT OF COMPLIANCE

STATE OF _____ )
                                  )
COUNTY OF _____ )

        I, _____, on behalf of Bank of America, N.A., state as

follows:

        1.      I am over the age of 18 and competent to provide this Affidavit.  The statements in

this Affidavit are based upon my personal knowledge.

        2.      Bank of America, N.A. was served with a subpoena to produce the following

documents in the above-captioned matter:

        a.      Copies of all account statements for the Business Advantage Checking

Account ᴉ _____0412 (the "Account") from August 1, 2017 through the present.

        b.      Copies of all wire transfers into and out of the Account from August 1, 2017

through the present.

        c.      Copies of all account statements for any Bank of America account(s) for

which Ms. Pereira has signatory authority, from August 1, 2017 through the present.

4845-0733-6852.1

        d.     Copies of all wire transfers into and out of any Bank of America account(s) for which Ms. Pereira has signatory authority, from August 1, 2017 through the present.

        3.     The copies of the records attached to this Affidavit are responsive to the Subpoena served on Bank of America, N.A. and include copies of any and all records in Bank of America's possession or control as described above.

        4.     I declare under penalty of perjury that the above statements are true and correct to the best of my knowledge, information and belief.

<br>

                                 _____

                                   Signature

                                 _____

                                   Name

                                 _____

                                 Title

                                 Bank of America, N.A.

<br>

STATE OF _____ )
                                    )
COUNTY OF _____ )

        Personally appeared before me, the undersigned Notary Public in and for the aforesaid State and County, _____with whom I am personally acquainted, and who acknowledged that he/she executed the within instrument for the purposes therein contained, and who further acknowledged that he/she is the _____and is authorized to execute this instrument on behalf of Bank of America, N.A.

        Witness my hand, at office, this _____ day of _____, 2019.

<br>

                                 _____

                                   Notary Public

My Commission Expires:_____