

Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
P.O. Box 198966
Nashville, TN 37219-8966

615.244.6380   main
615.244.6804   fax
wallerlaw.com

Michael C. Brett
615.850.8717   direct
Mike.Brett@wallerlaw.com

May 2, 2019

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007-1312

Re:   DCR Marketing Inc. et al. v. Josephine Lee Pereira, Civil Action No. 19-cv-03249

Dear Judge Oetken:

This law firm represents Plaintiffs DCR Marketing Inc. and DCR Strategies Legal Inc. (collectively "DCR") in the above-captioned matter. Pursuant to Part 4.B of Your Honor's Individual Practices, DCR respectfully submits this response to the April 30, 2019 letter of Defendant Josephine Lee Pereira ("Ms. Pereira").

Ms. Pereira seeks a protective order quashing the April 12, 2019 subpoenas *duces tecum* issued by DCR on two grounds: this Court's purported lack of subject-matter jurisdiction and DCR's purported lack of compliance with Fed. R. Civ. P. 26(d). Both grounds are inapposite here, and no protective order should issue.

First, with respect to subject-matter jurisdiction, this Court has federal question jurisdiction because DCR alleges violations by Ms. Pereira of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* ("CFAA"). The CFAA provides at 18 U.S.C. 1030(g) that:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

Subsection (c)(4)(A)(i)(I), in turn, covers "loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value."

As alleged in Counts Ten, Eleven, and Twelve of DCR's Complaint, Ms. Pereira intentionally accessed a protected computer without authorization (or exceeded her authorized

**waller**

Judge Oetken
May 2, 2019
Page 2

access) by changing the online login credentials for the bank accounts of DCR at Citibank, Bank of America, and PNC. Ms. Pereira did so knowingly and with intent to defraud DCR, and in so doing, converted hundreds of thousands of dollars in each of the three accounts. The loss to DCR is well over the $5,000 aggregate value contemplated by the CFAA; is limited to economic damages; and is within the 2-year statute of limitations period. Ms. Pereira's assertion that this Court lacks subject matter jurisdiction is groundless.

Ms. Pereira asserts "loss," as that term is defined at 18 U.S.C. 1030(e)(11) of the CFAA, must be specifically related to the cost of investigating or remedying damage to a computer. Ms. Pereira cites *Nexans Wires SA v. Sar-USA, Inc.*, 319 F.Supp. 2d 468, 475 (S.D.N.Y. 2004), *aff'd* 166 Fed. App. 559 (2d Cir. 2006) for that proposition, but fails to note that decision was subsequently distinguished by *Garland-Sash v. Lewis*, No. 05 Civ. 6827 (WHP), 2007 U.S. Dist. LEXIS 20909 *11 (S.D.N.Y. Mar. 26, 2007) (finding Defendants' argument that Plaintiff lacked constitutional and statutory standing to assert a civil claim under the CFAA without merit). Ms. Pereira also fails to recognize this Court's historically broad interpretation of the term "loss" as it is used in the CFAA. *See In re Doubleclick Privacy Litig.*, 154 F. Supp. 2d 497, 521 (S.D.N.Y. 2001) (finding "Congress intended the term 'loss' to target remedial expenses borne by victims that could not properly be considered direct damage caused by a computer hacker").

Ms. Pereira further asserts that "Pereira opened the accounts in question, and therefore she had authorization to change the login information - the fact that DCR may not have approved is immaterial." See Letter at 3. Nothing could be further from the truth. While Ms. Pereira may have been authorized to initially open the accounts on behalf of DCR, she was not authorized, afterwards, to change the online login credentials without informing or consulting DCR. Basic principles of agency law dictate that Ms. Pereira--DCR's legal counsel in the United States, who stood in a position of trust and confidence to her client--exceeded the scope of her authorization in changing the online login credentials to DCR's bank accounts and stealing funds from DCR without DCR's knowledge or consent. Indeed, as alleged, Ms. Pereira abruptly ended her relationship with DCR and, for the Citibank Account, concomitantly changed the online login credentials; the suspect timing suggests Ms. Pereira knew she had exceeded her authorized access. It is absurd to contend that unauthorized computer access in furtherance of an illegal scheme was, at the same time, authorized. *See, e.g.*, *United States v. John*, 597 F.3d 263, 271 (5th Cir. 2010) (stating "when an employee knows that the purpose for which she is accessing information in a computer is both in violation of an employer's policies and is part of an illegal scheme, it would be 'proper' to conclude that such conduct 'exceeds authorized access' within the meaning of" the CFAA); *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 304 (6th Cir. 2011) (stating "an individual who is authorized to use a computer for certain purposes but goes beyond those limitations . . . has 'exceed[ed] authorized access'"); *EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 583 (1st Cir. 2001) (same); *Int'l Airport Centers, LLC v. Citrin*, 440 F.3d 418, 420-21 (7th Cir. 2006) (same); *United States v. Rodriguez*, 628 F.3d 1258, 1263 (11th Cir. 2010) (same).

Second, DCR denies that it failed to confer with Ms. Pereira prior seeking discovery. Fed. R. Civ. P. 26(d) states "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(f), in turn, states "the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

waller

Judge Oetken
May 2, 2019
Page 3

DCR's claims against Ms. Pereira commenced on March 15, 2019, when DCR filed a Complaint in New York County Supreme Court, Index No. 651568/2019, seeking a declaratory judgment with respect to the Citibank Account only. Ms. Pereira represented herself *pro se* in that action. Counsel for DCR corresponded with Ms. Pereira by phone and email multiple times regarding the nature of DCR's claims, the discovery sought by DCR, and Ms. Pereira's deadlines to respond.

On April 9, 2019, Ms. Pereira informed this firm via email for the first time that she was "work[ing] out the engagement of attorney [Donna] Recant" to represent her, but had not yet formally engaged legal representation.

DCR discovered and determined in early April 2019 that in addition to declaratory judgment for the Citibank Account, DCR had and wished to pursue claims against Ms. Pereira for declaratory judgment, injunctive relief, conversion, and violation of the CFAA for its accounts at Citibank, Bank of America, and PNC. DCR voluntarily discontinued the New York County Supreme Court action without prejudice, and filed the instant action in the Southern District of New York on April 11, 2019.

That same day, April 11, 2019 at 5:18pm Eastern, Ms. Pereira informed this firm for the first time via email that "Debra Gustov [sic] (Donna Recant's partner) has left messages for both [Michael C. Brett] and Derek [W. Edwards] stating her firm is representing me; you should direct all communication to her." This firm immediately attempted to call Ms. Guzov, and was able to reach only a telephone answering machine. This firm served the subpoenas complained of to Ms. Guzov's office by mail the next day, April 12, 2019, pursuant to Fed. R. Civ. P. 45. Finally, after multiple attempts by both sides to confer, this firm spoke with Ms. Guzov, David Kaplan, and Donna Recant by telephone on April 18, 2019.[1] Counsel for Ms. Pereira thereafter filed a notice of appearance on April 30, 2019.

DCR did confer with both Ms. Pereira and her counsel "as soon as practicable," within both the spirit and the letter of Fed. R. Civ. P. 26(f). Ms. Pereira's assertion that DCR failed to comply with Fed. R. Civ. P. 26(d) is factually inaccurate and untrue, and does not constitute a basis upon which DCR's subpoenas may be quashed.

Very truly yours,

Michael C. Brett

MCB:

---

[1] In a good faith attempt to meet and confer as required by Fed. R. Civ. P. 26(c) and Part 4.B of Your Honor's Individual Practices, this firm spoke again with opposing counsel on April 29, 2019, and specifically offered to narrow the scope of subpoena requests #3 and #4. This offer was rejected, and opposing counsel filed a letter to the Court the following day.