UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DCR MARKETING, INC. and DCR STRATEGIES
LEGAL, INC.,

        Plaintiffs,

  -against-

JOSEPHINE LEE PEREIRA,

        Defendant.
------------------------------------------------------------------------X

Case No.: 1:19-cv-03249 (JPO)

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

GUZOV, LLC
Debra J. Guzov, Esq.
David J. Kaplan, Esq.
805 Third Avenue, 8th Floor
New York, NY 10022
(212) 371-8008
Attorneys for Defendant

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ........................................................................................................1

    ARGUMENT ........................................................................................................................ 2

    I.    THE CFAA CLAIMS FAIL TO SUPPORT SUBJECT-MATTER JURISDICTION AND MUST BE DISMISSED OR ALTERNATIVELY, THE CFAA CLAIMS IN THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6) ............................................................ 2

    II.    THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER THE BALANCE OF THE COMPLAINT ........................................................................ 5

CONCLUSION ........................................................................................................................6

# TABLE OF AUTHORITIES

Cases

*Associated Mortgage Bankers, Inc. v. Calcon Mutual Mortgage LLC*
  159 F.Supp. 3d 324, 334-336 (S.D.N.Y. 2016) ................................................................... 4

*Bell v. Hood*
  327 U.S. 678, 681 (1946) ...................................................................................................... 2

*Bell v. Twombly*
  550 U.S. 544 (2007) ............................................................................................................. 5

*Carnegie-Mellon University v. Cohill*
  484 U.S. 343, 349-50 n.7 (1988) .......................................................................................... 6

*Dowling v. U.S.*
  473 U.S. 207, 213 (1985) ...................................................................................................... 4

*Garland-Sash v. Lewis*
  2007 WL 935013 (S.D.N.Y. March 26, 2007) ..................................................................... 3

*Garland-Sash v. Lewis*
  2011 WL 6188712, *4 (S.D.N.Y. Dec. 6, 2011) ................................................................... 3

*Garland-Sash v. Lewis*
  348 Fed.Appx. 639, 2009 WL 322797 (2d Cir. Oct. 8, 2009) .............................................. 3

*Harris v. Mills*
  572 F.3d 66, 72 (2d Cir. 2009) ............................................................................................. 5

*Jensen v. Cablevision Systems Corp.*
  2017 WL 4325829, *10 (E.D.N.Y. 2017) ............................................................................ 4

*Makarova v. U.S.*
  201 F.3d 110, 113 (2d Cir. 2000) ......................................................................................... 2

*Nexans Wires SA v. SARK-USA, Inc.*
  319 F.Supp.2d 468, 475 (S.D.N.Y. 2004) ............................................................................ 3

*Shipping Fin. Servs. Corp. v. Drakos*
  140 F.3d 129, 131 (2d Cir. 1998) ......................................................................................... 2

*United States v. Valle*
  807 F.3d 508 (2d Cir. 2015) ................................................................................................. 4

*Valencia ex rel. Franco v. Lee*
   316 F.3d 299, 305 (2d Cir. 2003) .................................................................................... 6

**Statutes**

18 U.S.C. § 1030 ................................................................................................................ 1, 2, 3, 4

28 U.S.C. § 1331 ............................................................................................................................ 2

28 U.S.C. § 1367 ....................................................................................................................... 5, 6

Fed.R.Civ. P. 12(b)(1) ............................................................................................................... 1, 6

Fed.R.Civ. P. 12(b)(6) ............................................................................................................... 1, 6

## PRELIMINARY STATEMENT

Defendant Josephine Lee Pereira ("Pereira"), by her attorneys, Guzov, LLC, respectfully submits this Memorandum of Law in support of her motion to dismiss this action pursuant to Fed.R.Civ. P. 12(b)(1) and 12(b)(6). This action does not belong in federal court. The only basis for federal subject-matter jurisdiction alleged in Plaintiffs' Complaint in this action is the purported existence of a federal question arising out of Plaintiffs' claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* ("CFAA"). However, Plaintiffs have not alleged two essential elements of a CFAA claim: (i) the existence of "loss" as that term is defined in the CFAA; or (ii) that Pereira's access to a protected computer was unauthorized. Plaintiffs' fundamental allegation against Pereira, that she used her own access to online bank accounts to steal money belonging to Plaintiffs, can never support a claim under the CFAA. The CFAA claims are therefore patently insufficient to support subject-matter jurisdiction in this Court. Alternatively, the CFAA claims must be dismissed pursuant to Fed.R.Civ. P. 12(b)(6), and this court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining causes of action, all of which arise under state law.

## STATEMENT OF FACTS

DCR commenced this action by filing a Summons and Complaint dated April 11, 2019 (the "Complaint"), a copy of which is annexed to the Declaration of David J. Kaplan dated May 23, 2019 (the "Kaplan Declaration") as Exhibit 1 [1] In the Complaint, DCR claims that that Pereira acted as its outside counsel in the United States. Complaint ¶¶ 8-11. In that capacity, Pereira is alleged to have opened bank accounts for DCR at Citibank, N.A., Bank of America, N.A., and PNC Financial Service Group, Inc. Complaint ¶¶ 13-46. The Complaint alleges that, at various times, Pereira altered the login credentials for each account and then transferred funds from the account in question to herself. *Id.* ¶¶

---

[1] Pereira does not concede the accuracy of any of the Complaint's factual allegations against her, and reserves her right to controvert them at the appropriate point in this action.

1

17, 20, 31, 33, 41, 43. The Complaint contains causes of action for entry of a declaratory judgment, injunctive relief, conversion, and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* ("CFAA"). Federal subject-matter jurisdiction is predicated solely upon the existence of a federal question pursuant to 28 U.S.C. § 1331, specifically the CFAA claims. Complaint ¶ 4. The Complaint brings three separate causes of action (the Tenth, Eleventh and Twelfth) against Pereira for violations of the CFAA, each based upon her actions with respect to a separate bank account. In each case, it is alleged that Pereira "intentionally accessed a protected computer without authorization (or exceeded her authorized access) by changing the online login credentials for the account." Complaint ¶¶ 86, 90, 94. For each cause of action, a "judgment of civil liability" is demanded against Pereira in the amount of the funds she "converted" from each account. *Id.* ¶ 87, 91, 95.

## ARGUMENT

### I. THE CFAA CLAIMS FAIL TO SUPPORT SUBJECT-MATTER JURISDICTION AND MUST BE DISMISSED OR ALTERNATIVELY, THE CFAA CLAIMS IN THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)

On a motion to dismiss for lack of subject-matter jurisdiction, the allegations in the Complaint must be accepted as true. *See Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998). It is Plaintiffs' burden to establish that subject-matter jurisdiction exists. *Makarova v. U.S.,* 201 F.3d 110, 113 (2d Cir. 2000). In instances where, such as here, the existence of a federal question is intertwined with the viability of the supposed federal claim, the Supreme Court has instructed that a claim fails to support federal question jurisdiction where it is either "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682-683 (1946).

Here, the CFAA claims asserted in the Complaint fail to state substantial and non-frivolous claims under the private civil cause of action sections of the CFAA. That portion of the CFAA is codified at 18 U.S.C. § 1030(g), and provides in pertinent part that

> [a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for violation of this section may be brought only if the conduct involves **1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).** (emphasis supplied)

The only potentially applicable sub-clause of subsection (c)(4)(A(i) in this action is sub clause (I), which requires "loss to 1 or more person during any 1-year period . . . aggregating at least $5,000 in value."

The defects in DCR's CFAA claims are twofold. First, DCR must both plead and prove that it suffered "loss" in order to maintain a CFAA civil claim. The CFAA defines "loss" in 18 U.S.C. § 1030(e)(11) to mean

> any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

Cases interpreting this language make clear that "loss" must be related to the computer system accessed. *See Nexans Wires SA v. SARK-USA, Inc.* 319 F.Supp.2d 468, 475 (S.D.N.Y. 2004), *aff'd* 166 Fed.App. 559 (2d Cir. 2006) (analyzing prior cases and legislative history and concluding that "the meaning of 'loss' both before and after the term was defined by statute, has consistently meant a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted."); *Garland-Sash v. Lewis,* 2011 WL 6188712, *4 (S.D.N.Y. Dec. 6, 2011) (citing *Nexans* to hold that "'loss' only includes costs actually related to computers . . . Nothing in CFAA suggests that the "loss" can be disassociated from the computer.").[2] Here, DCR asserts no damage directly to a computer system or arising from it, but rather seeks to recover funds allegedly converted

---

[2] In prior submissions to this Court, *see* ECF Docket # 13 in this action, Plaintiffs cited a prior ruling in the *Garland-Sash* action as purportedly "distinguishing" *Nexans*. Plaintiffs' reliance on that opinion, *Garland-Sash v. Lewis,* 2007 WL 935013 (S.D.N.Y. March 26, 2007) ("*Garland-Sash I*"), is puzzling, for two reasons. First, *Garland-Sash I* distinguished *Nexans* on the issue of vicarious liability, not the statutory definition of loss. *Id.* at *4. Second, *Garland-Sash I* was vacated by the Second Circuit and is therefore of doubtful precedential value. *See Garland-Sash v. Lewis,* 348 Fed.Appx. 639, 2009 WL 322797 (2d Cir. Oct. 8, 2009).

3

by Pereira. In so doing, DCR seeks to use the CFAA to assert a federal statutory claim for conversion, an absurd result wholly outside the scope of the statute. *See, e.g., Dowling v. U.S.*, 473 U.S. 207, 213 (1985) (federal criminal statutes are to be narrowly construed).

Second, DCR has not (and cannot) allege wrongful conduct under the CFAA. Based on the Complaint, DCR appears to assert that Pereira "exceeded her authorized access" for each bank account by changing the login credentials "without authorization from DCR Marketing and without informing DCR Marketing." Complaint ¶¶ 86, 90, 94. However, the CFAA defines "exceeds authorized access" at 18 U.S.C. § 1030(e)(6) to mean "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled so to obtain or alter." Cases interpreting this language clarify that the "authorization" referred to in the statute is authorization by the computer system in question, not by corporate policy. *See Associated Mortgage Bankers, Inc. v. Calcon Mutual Mortgage LLC*, 159 F.Supp. 3d 324, 334-336 (S.D.N.Y. 2016) ("exceeds authorized access" should be interpreted narrowly so as to only proscribe accessing information which the individual does not have authorization to access for any purpose, and noting that gravamen of plaintiff's complaint was not the access to its systems, but defendants' subsequent use of information they obtained) (citing *United States v. Valle,* 807 F.3d 508 (2d Cir. 2015)).[3] Here, DCR expressly pleads that Pereira opened the accounts in question, and therefore she had authorization to change the login information - the fact that DCR may not have approved her doing so is immaterial under the CFAA.[4] In sum, the CFAA claim in the Complaint is utterly immaterial, and patently insufficient to confer subject-matter jurisdiction on this Court. As such, the Complaint must be dismissed in its entirety.

---

[3] In prior submissions to this Court, Plaintiffs have cited to a plethora of authorities outside the Second Circuit for the proposition that "authorized" access should be broadly construed. *See* Plaintiffs' May 2 letter at 2 (citing cases from the Fifth, Sixth, First, Seventh and Eleventh Circuits). The Second Circuit, however, has narrowly construed this aspect of the CFAA, *see United States v. Valle, supra.*, as have, apparently, the Fourth and Ninth Circuits. *See Jensen v. Cablevision Systems Corp.,* 2017 WL 4325829, *10 (E.D.N.Y. 2017) (noting conflict between circuits).

[4] Although resolution of this issue is not necessary to the disposition of this motion, Pereira expects discovery in this case to confirm that she was the only authorized signatory on the bank accounts referenced in the Complaint, so that no other person, and certainly none of Plaintiffs' principals, were ever "authorized" to access the accounts.

Alternatively, even if this Court were to conclude that the Complaint's CFAA claims were substantial enough to support subject-matter jurisdiction under *Bell v. Hood, supra.,* they should nevertheless be dismissed for failure to state a claim under the standard set forth in *Bell Atlantic Corp v. Twombly,* 550 U.S. 544 (2007). Under that standard, a complaint should be dismissed for failure to state a claim when it does not set forth a claim for relief which is "plausible on its face." *Id.* at 570. The Second Circuit has analyzed the *Twombly* standard as follows:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial expertise and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quotations omitted). As set forth at length above, and for the reasons set forth above, the CFAA claims in the Complaint utterly fail the *Twombly* test, and should be dismissed.

## II. THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER THE BALANCE OF THE COMPLAINT

Having dismissed the CFAA claims, and since the Complaint alleges no other basis for subject-matter jurisdiction[5], this Court may decline to exercise supplemental jurisdiction over the remaining state-law causes of action in the Complaint pursuant to 28 U.S.C. § 1367(c)(3). In pertinent part, that statute provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if---(3) the district court has dismissed all claims over which it has original jurisdiction . . " 28 U.S.C. § 1367(c). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the

---
[5] In this regard, Plaintiffs' Complaint makes clear that diversity of citizenship is lacking, given that both Plaintiffs are alleged to be incorporated in New York while Defendant is domiciled in New York. Complaint ¶¶ 1-3.

5

pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50 n.7 (1988); *see Valencia ex rel. Franco v. Lee,* 316 F.3d 299, 305 (2d Cir. 2003) (citing *Cohill* in construing supplemental jurisdiction under 28 U.S.C. § 1367). This result is more than appropriate here, where issue has not yet been joined.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests this Court enter an order dismissing the Complaint pursuant to Fed.R.Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, or in the alternative dismissing the CFAA claims for failure to state a claim pursuant to Fed.R.Civ. P. 12(b)(6), and declining to exercise supplemental jurisdiction over the remaining claims in the Complaint, and granting such other and further relief that this Court deems just and proper.

Dated: New York, New York
      May 23, 2019

                                      GUZOV, LLC

                                      By:_____
                                      Debra J. Guzov, Esq. (DJG 7125)
                                      David J. Kaplan, Esq.(DJK 0100)
                                      805 Third Avenue, 8th Floor
                                      New York, NY 10022
                                      Tel.:  (212) 371-8008
                                      Fax:  (212) 901-2122
                                      dkaplan@guzovllc.com
                                      *Attorneys for Defendant*