UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------  X
DCR MARKETING INC. and DCR                             :
STRATEGIES LEGAL INC.,                                 :   Case No. 1:19-cv-03249 (JPO)
                                                       :
        Plaintiffs,                                    :
                                                       :
v.                                                     :
                                                       :
JOSEPHINE LEE PEREIRA (aka                             :
JOSEPHINE POTENTE aka JOSEPHINE                        :
ROBINSON),                                             :
                                                       X
        Defendant.
-----------------------------------------------------
```

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Derek W. Edwards (*Pro Hac Vice*)
Michael C. Brett (NY Bar No. 5482930)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219
Telephone:    (615) 244-6380
Facsimile:    (615) 244-6804
Email:        derek.edwards@wallerlaw.com
              mike.brett@wallerlaw.com

*Attorneys for Plaintiffs DCR Marketing Inc. and DCR Strategies Legal Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

I.     THIS COURT HAS SUBJECT-MATTER JURISDICTION BECAUSE PLAINTIFF HAS PROPERLY PLEADED VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C § 1030 ET SEQ. ...................................................................... 2

    A.    DCR HAS SUFFICIENTLY PLEADED A "LOSS" WITHIN THE SCOPE OF THE CFAA ................................................................................................................... 3

    B.    MS. PEREIRA "EXCEEDED AUTHORIZED ACCESS" WITHIN THE SCOPE OF THE CFAA .............................................................................................................. 7

CONCLUSION ................................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.V. v. iParadigms LLC*,
  562 F.3d 630 (4th Cir. 2009) ...................................................................................................7

*Bell v. Hood*,
  327 U.S. 678 (1946) .............................................................................................................6, 7

*In re Doubleclick Privacy Litig.*,
  154 F. Supp. 2d 497 (S.D.N.Y. 2001) .....................................................................................7

*EF Cultural Travel BV v. Explorica, Inc.*,
  274 F.3d 577 (1st Cir. 2001) .................................................................................................10

*Garland-Sash v. Lewis*,
  2011 U.S. Dist. LEXIS 143626 (S.D.N.Y. Dec. 6, 2011) ...................................................8, 9

*Global Policy Partners LLC v. Yessin*,
  686 F. Supp. 2d 642 (E.D. Va. 2010) ......................................................................................7

*Int'l Airport Centers, LLC v. Citrin*,
  440 F.3d 418 (7th Cir. 2006) .................................................................................................11

*John v. Whole Foods Mkt. Grp., Inc.*,
  858 F.3d 732 (2d Cir. 2017) ..................................................................................................11

*Nexans Wires S.A. v. Sark-USA, Inc.*,
  166 Fed. Appx. 559 (2d Cir. 2006) .........................................................................................9

*Nexans Wires S.A. v. Sark-USA, Inc.*,
  319 F. Supp. 2d 468 (S.D.N.Y. 2004) .................................................................................8, 9

*Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*,
  648 F.3d 295 (6th Cir. 2011) .................................................................................................10

*Register.com, Inc. v. Verio, Inc.*,
  126 F. Supp. 2d 238 (S.D.N.Y. 2000) ...................................................................................10

*Schwartz v. HSBC Bank USA, N.A.*,
  No. 14-cv-9525, 2017 U.S. Dist. LEXIS 94019 (S.D.N.Y. June 19, 2017) ...........................11

*U.S. v. Middleton*,
  231 F.3d 1207 (9th Cir. 2000) .................................................................................................7

*United Mine Workers v. Gibbs*,
  383 U.S. 715 (1966) ............................................................................................................. 11

*United States v. John*,
  597 F.3d 263 (5th Cir. 2010) ............................................................................................... 10

*United States v. Rodriguez*,
  628 F.3d 1258 (11th Cir. 2010) ........................................................................................... 11

*United States v. Valle*,
  807 F.3d 508 (2d Cir. 2015) ................................................................................................ 11

**Statutes**

28 U.S.C. § 1367(c)(3) ............................................................................................................ 11, 12

Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* ..................................................... 5, 12

**Other Authorities**

Rule 12(b)(6) ................................................................................................................................ 11

**PRELIMINARY STATEMENT**

Plaintiffs DCR Marketing Inc. and DCR Strategies Legal Inc. (collectively "DCR") submit this memorandum of law in opposition to the motion to dismiss of Defendant Josephine Lee Pereira ("Ms. Pereira"). Ms. Pereira first moved to dismiss this action on May 23, 2019, asserting that this action does not belong in federal court based on lack of subject-matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. Subsequently, DCR filed an amended complaint to which Ms. Pereira has applied her previously filed motion to dismiss.

Ms. Pereira's motion to dismiss should be denied because this Court has subject matter jurisdiction: DCR has properly pleaded a claim for relief under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*. ("CFAA"). A properly stated claim for civil relief under the CFAA must include the following elements: (1) loss to one or more persons during any 1-year period consisting of economic damages aggregating at least $5,000 in value, (2) brought within 2 years of the date of the act complained of or the date of the discovery of the damage, (3) not caused by negligent design or manufacture of computer hardware, computer software, or firmware, and (4) directly causally linked to the alleged CFAA violation. Ms. Pereira has challenged the sufficiency of DCR's pleadings related to its "loss" and her unauthorized access to a computer system. As explained herein, in its Amended Complaint, DCR pleads a "loss" greater than $5,000, arising directly out of the investigation and remedying of damage to a computer system and Ms. Pereira's exceeding the scope of her authorized access by changing DCR's online banking login credentials without DCR's permission or knowledge, which is sufficient to state a claim under the CFAA in connection with Ms. Pereira's theft of funds from DCR's online bank accounts at Citibank, Bank of America, and PNC.

## I. THIS COURT HAS SUBJECT-MATTER JURISDICTION BECAUSE PLAINTIFF HAS PROPERLY PLEADED VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C § 1030 ET SEQ.

This Court has subject-matter jurisdiction because DCR has properly pleaded violations of the CFAA. On a motion to dismiss, the allegations in the complaint must be accepted as true, and all reasonable inferences drawn in plaintiff's favor. *See Schwartz v. HSBC Bank USA, N.A.*, No. 14-cv-9525, 2017 U.S. Dist. LEXIS 94019, *10 (S.D.N.Y. June 19, 2017) (citing *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 737 (2d Cir. 2017) ("[w]hen the defendant asserts a 'facial' challenge to standing . . . courts should continue to draw from the pleadings all reasonable inferences in the plaintiff's favor and are to presume that general allegations embrace those specific facts that are necessary to support the claim.")). The CFAA provides at 18 U.S.C. 1030(g) that:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

Subsection (c)(4)(A)(i)(I), in turn, covers "loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value."

DCR's Amended Complaint alleges damages directly resulting from Ms. Pereira's access of a protected computer without authorization and her unauthorized, illegal transfer of the funds from DCR's online bank accounts. As alleged in Counts Ten, Eleven, and Twelve of DCR's Amended Complaint, Ms. Pereira intentionally accessed a protected computer without

authorization (or exceeded her authorized access) by changing the online login credentials for the bank accounts of DCR at Citibank, Bank of America, and PNC.  Am. Compl. ¶¶ 86-98.  Ms. Pereira allegedly did so knowingly and with intent to defraud DCR, and in so doing, converted hundreds of thousands of dollars in each of the three accounts.  Am. Compl. ¶¶ 18, 34, 44.  The loss to DCR is well over the $5,000 aggregate value contemplated by the CFAA; is limited to economic damages; and is within the 2-year statute of limitations period.  Am. Compl. ¶¶ 26, 38, 48.  Ms. Pereira's assertion that this Court lacks subject matter jurisdiction is groundless.

Ms. Pereira suggests dismissal is appropriate under *Bell v. Hood*, asserting the CFAA claims are "wholly insubstantial and frivolous."  On the contrary, the Supreme Court found federal question jurisdiction was appropriate in *Bell* where plaintiffs claimed their Fourth and Fifth Amendment rights had been invaded, holding that:

> where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.  Whether the petitioners are entitled to recover depends upon an interpretation of [federal law] . . . Thus, the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another.  For this reason the District Court has jurisdiction.

*Bell v. Hood*, 327 U.S. 678, 684-685 (1946).  Where, as here, DCR's right to recover under the Amended Complaint depends upon construction of the language in the CFAA, this Court has jurisdiction and "may use any available remedy to make good the wrong done." *Id.*

    **A.**    **DCR HAS SUFFICIENTLY PLEADED A "LOSS" WITHIN THE SCOPE OF THE CFAA**

To establish a viable CFAA claim, the plaintiff must show the costs associated with the loss "were reasonable" and "directly causally linked to [the] alleged CFAA violation."  *A.V. v. iParadigms LLC*, 562 F.3d 630, 646 (4th Cir. 2009) (reversing district court's dismissal of CFAA claim).  The causation requirement has been interpreted "to incorporate traditional principles of tort causation."  *Global Policy Partners LLC v. Yessin*, 686 F. Supp. 2d 642, 647 (E.D. Va. 2010)

(denying motion to dismiss because "plaintiffs have asserted sufficient factual allegations to create a plausible inference" that defendant violated CFAA). Thus, in determining whether a plaintiff has proven "loss," a jury can "consider only those costs that were a 'natural and foreseeable result' of Defendants' conduct." *U.S. v. Middleton*, 231 F.3d 1207, 1213 (9th Cir. 2000) (affirming criminal conviction under CFAA).

Ms. Pereira contends that "loss," as that term is defined at 18 U.S.C. § 1030(e)(11) of the CFAA, must be specifically related to the cost of investigating or remedying damage to a computer. Ms. Pereira fails to recognize this Court's historically broad interpretation of the term "loss" as it is used in the CFAA. *See In re Doubleclick Privacy Litig.*, 154 F. Supp. 2d 497, 521 (S.D.N.Y. 2001) (finding "Congress intended the term 'loss' to target remedial expenses borne by victims that could not properly be considered direct damage caused by a computer hacker"). In any event, DCR has alleged damages in this case arise directly out of the investigation and remedying of damage to a computer:

> On information and belief, after January 16, 2019, and after changing the online login credentials and misrepresenting to DCR Strategies that Citibank was closing the Citibank Account, Ms. Pereira transferred money out of the Citibank Account. On information and belief, Ms. Pereira transferred money from the Citibank Account into her personal savings account at Citibank.

Am. Compl. ¶ 21.

> On information and belief, after changing the online login credentials, Ms. Pereira transferred money out of the BoA Account. On information and belief, Ms. Pereira transferred money from the BoA Account into a personal account and/or withdrew the funds in the account.

Am. Compl. ¶ 36.

> On information and belief, after changing the online login credentials, Ms. Pereira transferred money out of the PNC Account into a personal account and/or withdrew the funds in the account.

Am. Compl. ¶ 46.

Ms. Pereira transferred the funds from DCR's online bank accounts to her own personal accounts by changing the online login credentials to lock DCR out, and thereafter initiating online transfers outside the scope of her authority.  Am. Compl. ¶¶ 21, 36, 46.  DCR continues to be locked out of its accounts due to Ms. Pereira's unauthorized password change.  Am. Compl. ¶ 27.  DCR cannot access its funds in the accounts to run its business, cannot even see what funds are in the accounts, and cannot remediate the interruption of service caused by Ms. Pereira until the account passwords are reset.  The economic damages claimed by DCR arise directly out of investigating and remedying damage to a computer system, and are a loss within the meaning of 18 U.S.C. § 1030(e)(11) of the CFAA.  Until the account passwords are reset such that DCR can access its accounts, the damage to the computer will not have been remedied.  DCR's damages were reasonable, directly causally linked to the CFAA violation, and a natural and foreseeable result of Ms. Pereira's conduct.

The factual allegations in this case are readily distinguishable from those in *Garland-Sash v. Lewis* and *Nexans Wires S.A. v. Sark-USA, Inc.* relied on by Ms. Pereira.  First, in *Garland-Sash,* this Court rejected a *pro se* plaintiff's claims to recover damages under the CFAA for parking expenses and emotional distress based on her failed attempt to visit her husband in prison.  There, plaintiff claimed $50 in actual costs and $10,000,000 in noneconomic damages because defendant, the prison unit counselor, erased plaintiff from the prison's list of authorized visitors, thereby resulting in plaintiff being denied visitation by prison security.  The Court reasoned plaintiff's parking expenses and emotional distress were not "remedial costs of investigating the computer for damage, remedying the damage and any costs incurred because the computer cannot function while or until repairs are made."  *Garland-Sash v. Lewis*, No. 05-cv-6827, 2011 U.S. Dist. LEXIS 143626, *9-10 (S.D.N.Y. Dec. 6, 2011).  However, had plaintiff sought relief to remedy the direct

5

loss caused by the CFAA violation — in other words, an injunction to put her name back on the authorized list, rather than parking expenses and emotional distress — relief would have been proper under the definition of "loss" in the CFAA.

Unlike in *Garland-Sash*, DCR's economic damages are a direct result of the fact the computer system does not function and repairs have not been made. DCR continues to be locked out of its accounts due to Ms. Pereira's unauthorized password change. Am. Compl. ¶ 27. DCR's loss is a direct effect of the damage done to a protected computer by Ms. Pereira. Unlike the expenses in *Garland-Sash*, which were incurred as a proximate result of plaintiff being removed from the prison visitor list, here, the "loss" DCR seeks to remedy is the direct result of Ms. Pereira accessing a protected computer in excess of her authority under the CFAA, and illegally transferring funds to her personal accounts.

*Nexans Wires S.A. v. Sark-USA, Inc.* is likewise distinguishable from the case at hand. There, plaintiffs alleged theft of confidential and proprietary trade secrets that were stored on a computer, and sued for lost revenue and travel expenses in connection with business trips undertaken to "conduct[] an assessment of the damage caused by the impact of the computer theft on the integrity of the proprietary information[.]" *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 473 (S.D.N.Y. 2004). The Second Circuit excluded lost profits from plaintiffs' recoverable damages, stating: "As the district court correctly recognized, the plain language of the statute treats lost revenue as a different concept from incurred costs, and permits recovery of the former only where connected to an 'interruption of service.'" *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 Fed. Appx. 559, 562 (2d Cir. 2006). Here, there has been just such an interruption of service: DCR cannot access its funds in the accounts to run its business, and cannot even see what funds are in the accounts unless and until the account passwords changed by Ms. Pereira are reset.

Am. Compl. ¶ 27. Citibank, Bank of America, and PNC have each refused to allow DCR access to its own accounts as a direct result of Ms. Pereira's tampering with a protected computer, and the economic damages sought by DCR are plainly connected to the interruption of service. *See Register.com, Inc. v. Verio, Inc.*, 126 F. Supp. 2d 238, 251-53 (S.D.N.Y. 2000).

### B. MS. PEREIRA "EXCEEDED AUTHORIZED ACCESS" WITHIN THE SCOPE OF THE CFAA

Ms. Pereira contends that because DCR instructed her to open the bank accounts in question, her subsequent, unauthorized change of the login information did not "exceed authorized access" under the CFAA. This position is baseless and, in a word, nonsensical. While Ms. Pereira may have been authorized to initially open the accounts on behalf of DCR, she was not authorized, afterwards, to change the online login credentials without informing or consulting DCR, allegedly to obfuscate conversion. Am. Compl. ¶¶ 22, 37, 47. Courts have interpreted similar such access to a computer system sufficient to state a claim under the CFAA. *See, e.g.*, *United States v. John*, 597 F.3d 263, 271 (5th Cir. 2010) (affirming criminal conviction under CFAA and stating "when an employee knows that the purpose for which she is accessing information in a computer is both in violation of an employer's policies and is part of an illegal scheme, it would be 'proper' to conclude that such conduct 'exceeds authorized access' within the meaning of" the CFAA); *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 304 (6th Cir. 2011) (reversing dismissal of CFAA claim and stating "an individual who is authorized to use a computer for certain purposes but goes beyond those limitations . . . has 'exceed[ed] authorized access'"); *EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 583 (1st Cir. 2001) (affirming preliminary injunction because appellees would likely succeed on merits of CFAA claim); *Int'l Airport Centers, LLC v.*

*Citrin*, 440 F.3d 418, 420-21 (7th Cir. 2006) (reversing dismissal of CFAA claim); *United States v. Rodriguez*, 628 F.3d 1258, 1263 (11th Cir. 2010) (affirming criminal conviction under CFAA).[1]

Furthermore, principles of agency law dictate that Ms. Pereira — DCR's legal counsel in the United States, who stood in a position of trust and confidence to her client — exceeded the scope of her authorization in changing the online login credentials to DCR's bank accounts and transferring funds from DCR's online bank accounts without authorization. Am. Compl. ¶ 11. Indeed, Ms. Pereira abruptly ended her relationship with DCR the day after changing the online login credentials for the Citibank Account. Am. Compl. ¶ 19. It is absurd to contend that Ms. Pereira's affirmative steps of accessing a computer to change online banking passwords in furtherance of an illegal scheme was authorized in any way by DCR merely by the fact that in the past DCR had authorized Ms. Pereira to open the bank accounts. Ms. Pereira had no authorization to exceed the bounds of the authority previously given to her and had no permission to steal funds from DCR.

## CONCLUSION

For the foregoing reasons, DCR respectfully requests this Court enter an order denying Ms. Pereira's motion to dismiss the Amended Complaint. This Court has subject-matter jurisdiction based on DCR's properly pleaded claim under the CFAA, 18 U.S.C. § 1030 *et seq.*, and supplemental jurisdiction over DCR's non-CFAA claims pursuant to 28 U.S.C. § 1367(c)(3).

---

[1] Admittedly, the Second Circuit has interpreted the language "exceeds authorized access" narrowly in a 2-1 majority opinion. *See United States v. Valle*, 807 F.3d 508 (2d Cir. 2015). Should this Court determine it is bound by that precedent, DCR will seek *en banc* review before the Second Circuit.

Respectfully submitted,

/s/ Michael C. Brett
Derek W. Edwards (*Pro Hac Vice*)
Michael C. Brett (NY Bar No. 5482930)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219
Telephone:     (615) 244-6380
Facsimile:      (615) 244-6804
Email:            derek.edwards@wallerlaw.com
                      mike.brett@wallerlaw.com

*Attorneys for Plaintiffs DCR Marketing Inc. and DCR Strategies Legal Inc.*